

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| VICTOR NARANJO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **G-04-026** |
| v. | § | CIVIL ACTION NO. G-03_____ |
| | § | ADMIRALTY Rule 9(h) |
| THE VESSEL M/V MR. | § | JURY DEMANDED |
| KIRKTON, HER ENGINES, | § | |
| TACKLE, EQUIPMENT & | § | C-04-263 |
| FURNISHINGS, ETC., ALFREDO | § | |
| E. BENITEZ, AND GULF KING | § | |
| SHRIMP EXCHANGE, INC. | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S VERIFIED COMPLAINT

Comes now Plaintiff, Victor Naranjo, and complains of the vessel M/V Mr. Kirkton, her engines, tackle, and gear, and any person claiming an interest in such vessel, Alfredo E. Benitez, Plaintiff's employer, and Gulf King Shrimp Exchange in a cause in tort, civil and maritime, and by way of a complaint would show the Court the following:

### PARTIES

1. Plaintiff, Victor Naranjo, is an individual who is a citizen of the State of Texas.

2. Defendant, M/V Mr. Kirkton, a vessel that is registered in the State of Texas, which is within this district during the pendency of this action may be served with process at 322 Huff Street, Aransas Pass, Aransas County, Texas 78336.

3. Defendant, Gulf King Shrimp Exchange, Inc. ("Gulf King"), is a corporation that is organized under the laws of the State of Texas. Defendant Gulf King has its principal office in the State of Texas. At all times mentioned Defendant Gulf King operated the M/V Mr. Kirkton under a bareboat charter party, and operated, managed, and controlled it in the transportation of freight for hire on navigable waters in interstate and foreign commerce. Defendant Gulf King may be served with process by serving its registered agent R. Mark Herndon, whose address is 229 Indiana Avenue, Corpus Christi, Nueces County, Texas 78404.

4. Defendant, Alfredo E. Benitez, is an individual who is a citizen of the State of Texas. At all times mentioned Defendant Benitez was Plaintiff's employer and owned the M/V Mr. Kirkton. Defendant Benitez may be served with process at 410 Beverly Drive, Corpus Christi, Nueces County, Texas 78411.

## JURISDICTION

5. This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over the lawsuit because the action arises under admiralty law as modified by the Jones Act, 48 U.S.C Appdx. § 688, and 28 U.S.C. §§ 1333, 1916. Plaintiff was at all times hereinafter mentioned and is now a merchant seaman and entitled under the provisions of 28 U.S.C. § 1916 to bring this complaint without prepayment of costs.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

7. On or about May 1, 2002, at the City of Aransas Pass, State of Texas, Plaintiff entered the employment of defendants as an able seaman on defendants' vessel under seaman's articles of customary form for a voyage from the City of Aransas Pass at a wage of $3,000.00 per month.

8. On or about May 5, 2002, while the M/V Mr. Kirkton was engaged in navigation and commerce, Plaintiff suffered personal injury when the reel of a large winch fell while being unwound and struck Plaintiff.

9. Specifically, at that time Plaintiff was in performance of his duties aboard the vessel M/V Mr. Kirkton and on orders of the defendants, through their agents, officers and servants aboard the Vessel, removed a large winch from the vessel which had cable wound about it a tangled mess and brought it on shore to unwind the cable.

10. During said unwinding, Captain Benitez negligently pulled on the cable causing a large winch to fall on Plaintiff's lower leg and ankle, seriously injuring Plaintiff. Said Captain Benitez pulled the cable causing the winch to fall on Plaintiff, even though Plaintiff warned him to stop pulling on the cable because the winch was about to fall.

11. After the winch fell on Plaintiff's lower leg and ankle, Captain Benitez removed Plaintiff to Captain Benitez' vehicle and drove to a restaurant where Captain Benitez ate and engaged in telephone calls. After stopping at the restaurant, Captain

Benitez delivered Plaintiff to Captain Benitez' home, where Plaintiff drove his own vehicle away.

12. Defendants owned, operated, and hired the crew for the vessel "M/V Mr. Kirkton."

## COUNT I – JONES ACT

13. Plaintiff's injuries were suffered in the course of his employment as an able seaman on the Vessel and were caused by the negligence of defendants and their officers, agents, or employees. Specifically, Plaintiff informed Captain Benitez that he was jerking the cable so as to make it fall off the stands. However, Captain Benitez continued jerking the cable until the reel came off its stand and struck Plaintiff causing him personal injury. The acts and omissions of defendants were negligent and were the proximate cause of all of Plaintiff's injuries and damages subsequently described.

14. Disregarding their duties, defendants, by their agents, servants, workmen, and employees, was careless and negligent in: (a) failing to provide a safe place for Plaintiff to perform his duties; (b) failing to have the lines, booms, cables, winches, winch drums, and other appurtenances of the vessel properly rigged and secured; (c) failing to maintain the vessel's winches, drums, cables, and appurtenances in a safe and seaworthy condition; (d) failing to inspect properly and adequately the vessel's winches, winch drums, cables, and appurtenances; (e) failing to supply Plaintiff with proper and safe winches, cables, winch drums, and appurtenances; (f) failing to supply Plaintiff with proper and safe winches, cables, winch drums, and appurtenances; (g) supplying for Plaintiff's use unsafe, dangerous, and unseaworthy winches, drums, cables, and

appurtenances; (h) failing to warn the Plaintiff of the defective condition of the winches, drums, cables, and other appurtenances of the vessel; and (i) failing to provide Plaintiff with a safe and seaworthy vessel, appliances, and appurtenances.

## COUNT II – UNSEAWORTHINESS

15. Plaintiff incorporates paragraphs 1 -14 by reference herein.

16. Plaintiff's injuries were caused by defendants' breach of their absolute duty to furnish a seaworthy vessel. Specifically, the vessel was in an unseaworthy condition due to its winches being in an unsafe condition while it was docked. As a result of the falling winch lines, Plaintiff sustained serious physical injuries. All of the conditions were the proximate result of defendant's unseaworthy condition.

17. Plaintiff's injuries were due solely to the carelessness, recklessness, and negligence of defendants, their agents, servants, and employees, and the neglect and omission of officers and fellow seaman aboard the vessel: (a) in failing to in keep and maintain the vessel and its appurtenances in a seaworthy condition and reasonable state of repair; (b) in failing to take any means or precautions for the safety of Plaintiff; (c) in failing to provide Plaintiff with a reasonably safe place to work; and (d) in otherwise being careless, reckless, and negligent in the premises.

18. Said injuries were not caused by any fault or negligence on the part of Plaintiff but wholly and solely by reason of the unseaworthiness of the vessel M/V Mr. Kirkton, as aforesaid.

## COUNT III – MAINTENANCE & CURE

19. Plaintiff incorporates paragraphs 1-14 by reference herein.

20. Defendants breached their absolute duty to provide Plaintiff with maintenance and cure. Specifically, Plaintiff has been treated by a physician at the Department of Veteran's Affairs and Defendants failed to provide any financial support for these treatments or pay Plaintiff his maintenance wages while he has been unable to work.

## DAMAGES

21. Plaintiff thereby became sore, lame and disabled and was thereafter taken to a hospital for treatment; has been and will, for some time to come be prevented from working; has lost and will lose large sums of money which he otherwise would have earned; has suffered and will suffer great pain; will, as he is informed and believes, have to pay large sums of money for medical and surgical attendance and medicine, and has been permanently injured, all to his damages.

22. As a direct and proximate result of defendants' conduct, Plaintiff suffered the following injuries and damages: (a) physical pain and mental anguish in the past and future; (b) lost earnings; (c) damage to earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) pain and suffering; and (h) loss of consortium.

## ATTORNEYS FEES

23. Plaintiff has made repeated requests on Defendants to pay him the wages and maintenance due him under the law. Yet, Defendants have failed and refused, and

continue to fail and refuse, to pay these moneys unquestionably due him. By reason of this, Plaintiff was required to obtain the services of legal counsel to assist him in collecting sums which are rightfully due him as maintenance and cure, and has obligated himself to pay reasonable attorney's fees for legal services rendered in regard to the collection of maintenance and cure due and owing him, together with interest thereon, and a reasonable attorney's fee to the undersigned counsel for legal counsel and assistance rendered in collecting said maintenance and cure.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER

25. For these reasons, Plaintiff prays: (a) that process in due form of law, according to the practices of this Court in causes of admiralty and maritime jurisdiction, may issue against the M/V Mr. Kirkton, her engines, tackle, equipment and furnishings, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that Plaintiff have a decree for its damages aforesaid, with interest and costs; and that the M/V Mr. Kirkton be condemned and sold to justify Plaintiff's judgment; (b) that process in due form of law may issue against the *in personam* Defendants, citing them to appear and answer, under oath, all and singular, the matters aforesaid; (c) that the Court order, adjudge and decree that Plaintiff have a decree against the *in personam* Defendants for the claim asserted by Plaintiff herein, together with interest and costs; and (d) that Plaintiff have such other and

further relief as this Court and justice may deem just and appropriate.

> Respectfully submitted,
>
> By: _/s/ Susan Cone Kilgore_
> Susan Cone Kilgore
> Texas Bar No. 04660330
> Post Office Box 535
> Houston, Texas 77001
> Telephone: 713-796-2608
> Facsimile: 713-796-2619
>
> ATTORNEY IN CHARGE FOR PLAINTIFF
> VICTOR NARANJO

OF COUNSEL:

ARONOWITZ & KILGORE
MARK ARONOWITZ
Texas Bar No. 00793281
S.D. Tex. Id. No. 20421
P.O. Box 1517
Kemah, TX 77565
Tel:   (281) 507-6995
Fax:   (281) 339-0696

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VICTOR NARANJO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03_____ |
| | § | ADMIRALTY Rule 9(h) |
| THE VESSEL M.V. MR. | § | JURY DEMANDED |
| KIRKTON, HER ENGINES, | § | |
| TACKLE, EQUIPMENT & | § | |
| FURNISHINGS, ETC., ALFREDO | § | |
| E. BENITEZ, AND GULF KING | § | |
| SHRIMP EXCHANGE, INC. | § | |
| | § | |
| Defendants. | § | |

## VERIFICATION

STATE OF TEXAS § 
COUNTY OF NUECES §

Victor Naranjo, being duly sworn, deposes and says: I am the Plaintiff herein. I have read the foregoing complaint and know the contents thereof and the same are true to my knowledge, except as to the matters therein stated on information and belief, and as to those matters I believe it to be true.

_____
VICTOR NARANJO

SUBSCRIBED and SWORN TO before me by Victor Naranjo on January 5, 2004.

_____
Notary Public in and for
The State of Texas

Complaint – Page 9 of 9