UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR NARANJO, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | C.A. NO. C-04-263 |
| § | | |
| THE VESSEL M/V MR. KIRKTON, HER § | | |
| ENGINES, TACKLE, EQUIPMENT & § | | |
| FURNISHINGS, ETC., ALFREDO E. § | | |
| BENITEZ, AND GULF KING SHRIMP § | | |
| EXCHANGE, INC., § | | |
|     Defendants. | | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Pending before this Curt is defendant Gulf King Services, Inc.'s Motion for Summary Judgment (D.E. 28). Gulf King is seeking summary judgment on plaintiff's conversion claim on two grounds: (1) plaintiff's maritime lien was extinguished by the destruction of the M/V Mr. Kirkton, and (2) plaintiff is not a seaman under the Jones Act or general maritime law. Summary judgment is proper only when no genuine issue of material fact exists. FED. R. CIV. P. 56(c). If a party "fails to make a showing sufficient to establish the existence of an element essential that party's case," summary judgment should be entered. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

On May 5, 2002, plaintiff was injured while working on the defendant vessel, M/V Mr. Kirkton. Plaintiff was removing a large winch from the defendant vessel under the orders of defendant Captain Benitez. As the plaintiff removed the cable on the

winch, Captain Benitez allegedly pulled on the cable, causing the winch to fall and injure the plaintiff's leg and ankle.

In March 2003, the M/V Mr. Kirkton caught fire and was completely destroyed. As a result of the loss, Captain Benitez collected $80,000 in insurance proceeds, $20,000 of which was paid to FirstCapital Bank to satisfy a preferred ship mortgage and $10,000 of which was paid to Gulf King to satisfy a maritime lien. Plaintiff now brings a cause of action of conversion against Gulf King based on its receipt of those insurance proceeds.

According to Gulf King, plaintiff has failed to show that he has any rights to the insurance proceeds Gulf King received from Captain Benitez. While plaintiff acknowledges that his maritime lien was extinguished by the destruction of the vessel, he argues that he has a claim to the insurance proceeds superior to that of Gulf King. Plaintiff bases this argument on an alleged agreement between himself and Captain Benitez in which Captain Benitez promised to satisfy plaintiff's personal injury claim with the insurance proceeds should the vessel be destroyed. Plaintiff promised in return to not bring a civil action against Benitez.

To succeed on his conversion claim, plaintiff must establish that he has a right to the insurance proceeds. *S.Soto v. Sea-Road Intern. Inc.*, 942 S.W.2d 67, 72 (Tex. App.–Corpus Christi 1997, writ denied). While plaintiff is not necessarily required to have title to the property, he must prove "that at the time of the conversion, he or she was the owner of the property, had legal possession of it, or was entitled to possession."

*Id*.  In the present case, plaintiff asserts that he had an equitable lien on the insurance proceeds and is therefore entitled to them..

It is well accepted that maritime liens are extinguished upon total destruction of the vessel to which the lien is attached.  *Walsh v. Tadlock*, 104 F.2d 131, 132 (9th Cir. 1939); *Karl Senner, Inc. v. M/V Acadian Valor*, 485 F.Supp 287, 292 (D.C.La. 1980); *Central Soya Co. v. Cox Towing Corp.*, 417 F.Supp. 658, 664 (D.C.Miss. 1976). Furthermore, these liens do not attach to the insurance proceeds from the vessel.  *Walsh*, 104 F.2d at 132.  Rather, a party's right to insurance proceeds is determined from the contract of insurance.  *Id*.; *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. Am. Bankers Ins.*, 924 F.2d 1347, 1350-51 (5th Cir. 1991).  Therefore, the holder of a maritime lien does not hold an equitable lien on insurance proceeds from the vessel that is subject to the maritime lien.  The cases plaintiff points to in support of his argument for an equitable lien are related to the mortgagor/mortgagee relationship and do not apply the facts of this case.

Because plaintiff has no equitable lien on the insurance proceeds, he must show that he is a third party beneficiary of the insurance contract in order to make a claim to the insurance proceeds.  To be a third party beneficiary to the insurance contract, plaintiff must establish (1) that he was not privy to the written agreement, (2) the contracts were actually made for his benefit, and (3) the contracting parties intended for plaintiff to benefit by their written agreement.  *Talman*, 924 F.2d at 1350-51.  The Court can only look to the four corners of the insurance contract, and the intent of the parties

must be clear. *Id.* at 1351. "If there is any doubt concerning the intent in this regard as it appears from the contract itself, such doubt should be construed against such intent." *Id.* (quotations omitted).

Plaintiff has failed to establish any facts showing that the insurance contract was actually made for his benefit or that Benitez and the insurer intended to contract for his benefit. Since there is clear doubt about Benitez's intent, the Court must find that none existed. Therefore, plaintiff is not a third party beneficiary to the insurance contract, and he has no right to the insurance proceeds.[1] Because plaintiff cannot establish an essential element of his conversion claim, summary judgment in favor of Gulf King is proper. Accordingly, Gulf King Services, Inc.'s Motion for Summary Judgment (D.E. 28) is GRANTED, and plaintiff's cause of action for conversion asserted against Gulf King Services, Inc. is DISMISSED with prejudice.

ORDERED this _____8th_____ day of _____August_____, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] Because this Court finds that plaintiff has no right to the insurance proceeds, the issue of plaintiff's status as a seaman need not be addressed.